IN THE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Troy Thompson | : | |
| | : | |
| Plaintiff. | : | |
| | : | |
| v. | : | Case No:1:06-cv-00063-EGS |
| | : | |
| District of Columbia | : | |
| | : | |
| Defendant | : | |
| | : | |
| _____ | : | |

**PLAINTIFF'S REQUEST TO THE CLERK**
**FOR ENTRY OF DEFAULT**

Plaintiff Troy Thompson, by and through his counsel, Reuben B. Collins, asks the clerk of the court for entry of default against defendant, as authorized by Federal rule of Civil Procedure 55.

**INTRODUCTION**

1.  Plaintiff is Troy Thompson; Defendant is the District of Columbia.

2.  On or around January 13, 2006, plaintiff filed suit against defendant under Title VII for relief associated with discriminatory actions by the Metropolitan Police Department.  Exhibit A, complaint.

3.  On February 01, 2006, defendant was served with a summons and a copy of plaintiff's complaint by process server Sherry Tucker.  A copy of the proof of service is attached as Exhibit B.  Defendant has not filed a responsive pleading or otherwise defended the suit even though more than ninety days have passed since Defendant was properly served.

4.  Plaintiff is entitled to entry of default.

## B.  ARGUMENT

5. The clerk of the court may enter a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55.

6. The clerk should enter a default judgment against defendant because defendant, District of Columbia, did not file a responsive pleading or otherwise defend the suit within 60 days after the date of service. Fed. R. Civ. P. 12(a)(3).

7. Plaintiff meets the procedural requirements for obtaining entry of default from the clerk as demonstrated by the sworn affidavit attached as Exhibit C.

8. Defendant is not an infant, an incompetent person, or a member of the United States military.  50 U.S.C. app. § 520(1); Fed. R. Civ. P. 55(b)(1), (e).

9. Because defendant did not file a responsive pleading or otherwise defend the suit, defendant is not entitled to notice of entry of default.  Fed. R. Civ. P. 55(b)(1); Key Bank v. Tablecloth Textile Corp., 74 F.3d 349, 352-53 (1st Civ. 1996). Default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party[,as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech,* 636 F.2d at 831, 836.

10. The damages set forth in plaintiff's complaint are not liquidated and cannot be proved by affidavit.

WHEREFORE for the foregoing reasons, Plaintiff Troy Thompson respectfully requests that the clerk file an entry of default in this matter.

    Respectfully submitted,

    _____

    Reuben B. Collins
    Bar No.: 459751
    Collins & Talley, LLC
    P. O. Box 1857
    La Plata, Maryland  20646
    (301) 934-4366