UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY A. THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>)<br>) | Case No. 06-00063 (EGS) |

DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO SET ASIDE ENTRY OF DEFAULT AND
MOTION TO DISMISS THE COMPLAINT

Defendant District of Columbia, by and through counsel, hereby moves this court, pursuant to Fed. R. Civ. Pro. 55(c), to set aside the default that was entered against it on May 15, 2006. Further the District moves to dismiss the complaint. In support of this motion, the defendant states that there is good cause to set aside the default because the District was never served with a summons and complaint as required by the Federal Rules of Civil Procedure. The complaint should be dismissed because plaintiff has failed to serve the District within 120 days of filing the complaint, as required by Rule 4 (m) of the Federal Rules of Civil Procedure.

A memorandum of points and authorities accompanies this motion.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/Nicole L. Lynch/s/_____
NICOLE L. LYNCH
Chief Civil Litigation Division Section II


/s/David A. Jackson/s/_____
DAVID A. JACKSON
Assistant Attorney General
Bar Number 471535
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail: davida.jackson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY A. THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>) | Case No. 06-00063 (EGS) |

**MEMORANDUN OF POINTS AND AUTHORITIES IN SUPPORT OF THE DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND TO DISMISS THE COMPLAINT**

**STATEMENT OF THE CASE**

This is an employment discrimination case based on gender, race and retaliation. On August 25, 2003, plaintiff began his employment with the Metropolitan Police Department as a recruit officer. On July 9, 2004, plaintiff's employment was terminated. Plaintiff was a probationary employee at the time of his termination.

Plaintiff claims that because of his gender and race (African American) he was treated differently than women and non-African American employee. Plaintiff also claims that he was terminated in retaliation for speaking out about alleged harassment of other recruit officers by superiors at the training academy. Plaintiff bring this action under Title VII, 42 U.S.C § 2000(e) *et seq*. and the DC Human Rights Act, D.C. Code §2-1401.01 *et seq*. Plaintiff seeks compensatory and punitive damages against the District of Columbia ("the District").

**PROCEDURAL HISTORY**

Plaintiff filed this action on or about January 13, 2006. On April 3, 2006, plaintiff filed an affidavit of service. The process server states that she served a copy of the summons and complaint on the District by personally serving Brian Barnett on February 1, 2006. (See Documents 2 and 3). Based on the affidavit of service the clerk noted that the District's answer to the complaint was due February 1, 2006. The certificate of service attached to the affidavit of service states that a copy of the affidavit of service was mailed "March, 2003" to "Brian Barnett, 1113 Rosemare Avenue, Silver Spring, Maryland 20917."

On May 12, 2006, plaintiff filed a request for entry of default against the District for its failure to respond to the complaint. (Document 4). In support of the request for entry of default, plaintiff attached a second "Affidavit of Service" in which the process server affirms that she personally served a copy of the complaint on "Robert Spagnoletti (Attorney General) and secretary of the (sic) Robert Spagnoletti, Mrs. A. Jackson @ (sic) 411 4th St., Washington, DC 20001." *Id.* In addition to the "Affidavit of Service", counsel for plaintiff also filed an affidavit in which he re-affirms the statements made by the process server. Further, counsel for plaintiff, in his affidavit, states that "Ms. Jackson is authorized to accept service on behalf of the Attorney General." On May 15, 2006, based on plaintiff's request for entry of default and the affidavits attached thereto, the clerk entered a default against the District.

Brian Barnett is not a designee authorized to receive service on behalf of the District. In fact, undersigned counsel has contacted the Mayor's Office and there is no individual by the name of Brian Barnett who works there. The authorized designee to

4

accept service of process on the behalf of the Mayor are Tabatha Braxton, Staff Assistant, Office of the Secretary and Gladys Herring, Executive Assistant, Office of the Secretary. *See* Exhibit 1(Mayor's Order 2004-77).

Likewise, Mrs. A. Jackson is not a designee authorized to accept service of process on behalf of the Attorney General. Moreover, there is no individual by the name of Mrs. A. Jackson, who works in the Office of the Attorney General for the District of Columbia. The designees authorized to accept service of process on behalf of the Attorney General for the District of Columbia are Darlene Field, Secretary, Tonia Robinson, Legal Assistant and Gale Rivers, Secretary. *See* Exhibit 2 (Attorney General Office Order 2005-19).

The District now moves for an order setting aside the default because contrary to the affidavits filed by plaintiff's counsel and process server the District has not been served with process in this case and dismiss the complaint as the time for service has expired.

**Argument**

1. **There is good cause to set aside the entry of default because the District has not been served with process in this case.**

Federal Rule of Civil Procedure 55 (c) allows the court to set aside an entry of default for good cause. In this case, good cause exists to set aside the default because contrary to plaintiff's assertions the District has not been properly served with process in this case.

Service of process upon a municipal corporation such as the District of Columbia is governed by Rule 4(j) (2). Specifically, the rule provides that, "[s]ervice upon a . . . municipal corporation . . . shall be effected by delivering a copy of the summons and of

5

the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. P. 4(j) (2).

In order to effectuate service of process under the federal rules, plaintiff must service the Mayor, who is the Chief Executive Officer for the District of Columbia. *See Peak v. District of Columbia*, 2006 U.S. Dist. LEXIS 30001 (Urbina, J.) (A plaintiff must serve the District of Columbia by delivering a copy of the summons and complaint to its chief executive officer). Pursuant to Mayor's Order 2004-77 (May 14, 2004), the Mayor has designated the Secretary of the District "as the Mayor's agent for the receipt of legal correspondence (including summonses, complaints, and subpoenas) . . ." Ex. 1 The Secretary of the District, in turn, has designated Tabatha Braxton and Gladys Herring as the employees of the Office of the Secretary authorized to receive legal correspondence on behalf of the Mayor and Secretary. Ex. 1. According to the affidavits of plaintiff's counsel and process server neither Ms. Braxton nor Ms. Herring was served with a copy of the summons and complaint. Thus, plaintiff has not effectuated service of process on the District and therefore, no default should have been entered.

If plaintiff elected to serve process under the local rule then he must comply with Rule 4(j) of the Superior Court Civil Procedure Rules, which provides that:

> [s]ervice shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now Attorney General] of the District of Columbia (or designee). The Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court.

SCR-Civil 4(j) (1).

In order to effectuate service of process under the local rules, plaintiff must service the Mayor and the Attorney General for the District of Columbia. *SeeThompson v. District of Columbia*, 863 A.2d 814, 817-818 (D.C. App. 2004) (D.C. Super. Ct. R. Civ. P. 4(j) is explicit in its requirement that service of process shall be made upon on both the [Attorney General] and the Mayor for proper service on the District of Columbia). Service on only the Attorney General is insufficient to establish service of process on the District. *Id.*

Thus, under local rule, in order to effectuate service of process on the District the plaintiff must serve both the Mayor and the Attorney General. The Attorney General has designated Civil Litigation Division employees Darlene Fields, Tonia Robinson, and Gale Rivers as designees to receive service of process on behalf of the Attorney General. *See* Ex. 2.

In this case, plaintiff filed an affidavit of service indicating that service was made upon a Mrs. A. Jackson, the Attorney General's secretary. The only persons authorized to accept service on behalf of the Attorney General are Ms. Fields, Ms. Robinson and Ms. Rivers. Moreover, as previously indicated, there is no individual by the name of Mrs. A. Jackson who works in the Office of the Attorney General for the District of Columbia.

Since plaintiff did not serve process on the District under either the federal rule or the local rules a default should not have been entered against the District.

**2.     The complaint should be dismissed because plaintiff has failed to serve the District within 120 days of filing the complaint, as required by Rule 4 (m) of the Federal Rules of Civil Procedure.**

Rule 4(m) requires that the summons and a copy of the complaint be served within 120 days of the commencement of the action. Rule 4(m) allows the Court to

permit plaintiff additional time to effectuate proper service, however, the rule limits such extensions to "an appropriate period" and for "good cause for [Plaintiff's] failure." Fed. R. Civ. P. 4(m). Plaintiff bears the burden of showing good cause, and "[m]istakes of counsel or ignorance of the rules of procedure usually does not suffice to establish good cause." *See, Byrd v. District of Columbia, et al.*, 230 F.R.D. 56, 59-60 (D.D.C. 2005) (Friedman, J.)(quoting *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004). In this case, the District submits that Plaintiff is unable to demonstrate good cause.

Plaintiff filed the instant action on January 13, 2006 and, therefore, plaintiff had until May 15, 2006 to serve process on the District. As stated above, plaintiff has not served the District under either the federal rules or the local rules. Plaintiff cannot now claim that there is good cause to allow for additional time to serve the District. Counsel for plaintiff knew or should have known, based on the affidavit of plaintiff's process server, that the District had not been served.

The process server filed an affidavit in which she certified that the summons and complaint were served on Brian Barnett. The process server then attached a certificate of service to the affidavit certifying that a copy of the affidavit of service was mailed "March, 2003" to "Brian Barnett, 1113 Rosemare Avenue, Silver Spring, Maryland 20917." These statements by the process server should have caused plaintiff's counsel to look more closely at the accuracy of the affidavit of service. Counsel for plaintiff failed to do so.

Moreover, to support his request for a default, counsel for plaintiff also filed an affidavit in which he affirmed certifications made in a second "Affidavit of Service" in which the process server affirms that she personally served a copy of the complaint on

8

"Robert Spagnoletti (Attorney General) and secretary of the (sic) Robert Spagnoletti, Mrs. A. Jackson @ (sic) 411 4th St., Washington, DC 20001." *Id.* Counsel for plaintiff, in his affidavit, states that "Ms. Jackson is authorized to accept service on behalf of the Attorney General." Neither Mr. Barnett nor Ms. A. Jackson are authorized to received service on behalf of the District. Based on the affidavits counsel for plaintiff was on notice that the District had not been served.

For the above stated reason, plaintiff has not served process on the District within the time allowed and, therefore, the complaint should be dismissed.

## Conclusion

There is good cause to set aside the entry of default because the District was not served with a copy of the summons and complaint as required under Fed. R.Civ. P. 4(j)(2) or under Rule 4(j) of the Superior Court Civil Procedure Rules.

Further, the complaint should be dismissed because plaintiff has failed to serve the District within 120 days of filing the complaint, as required by Rule 4 (m) of the Federal Rules of Civil Procedure**.**

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Nicole L. Lynch/s/_____
NICOLE L. LYNCH
Chief Civil Litigation Division Section II

/s/David A. Jackson/s/
DAVID A. JACKSON
Assistant Attorney General
Bar Number 471535
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov

10