**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TROY A. THOMPSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-00063 (EGS) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
**AND MOTION TO SET ASIDE DEFAULT JUDGMENT**

COMES NOW, the Plaintiff, Troy Thompson, by and through his undersigned counsel, and pursuant to FRCP 12(b) 6, hereby opposes the Defendant's dual Motion To Dismiss and Motion to Set Aside Default Judgment.  Plaintiff respectfully submits the accompanying Memorandum of Points and Authorities.  Plaintiff asserts that he has successfully stated a claim upon which relief may be granted, therefore defendant is not entitled to judgment as a matter of law.

                                                    Respectfully submitted,

                                                    _____/s/_____
                                                    Reuben B. Collins, II
                                                    COLLINS & TALLEY, LLC
                                                    P.O. Box 1857
                                                    La Plata, Maryland 20646
                                                    Bar Number:   459751
                                                    (301) 934-4366

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of June, 2006, a copy of the foregoing response to Defendant's Motion to Dismiss was delivered via electronic filing to the following:

David A. Jackson
Assistant Attorney General
441 Fourth Street, NW
6 South
Washington, DC 20001

_____/s/_____
Reuben Collins

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY A. THOMPSON, | : |
| Plaintiff. | : |
| v. | : Civil Action No. 06-00063 (EGS) |
| DISTRICT OF COLUMBIA | : |
| Defendant. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF
DEFENDANT'S MOTION TO DISMISS**

**BACKGROUND**

Plaintiff, by and through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in opposition of Defendants' motion to dismiss Plaintiff's Complaint. Plaintiff timely served the Defendant pursuant to the Federal Rules of Civil Procedure and as a result the Motion to Dismiss should be denied and the entry for Default judgment should be upheld.

**STATEMENT OF THE CASE**

On or around January 13, 2006 Plaintiff Troy Thompson filed suit against the District of Columbia under Title VII for relief associated with discriminatory actions by the Metropolitan Police Department.

On February 01, 2006, Defendant was served with a summons and a copy of the complaint by process server Sherry Tucker. Defendant failed to file a responsive

3

pleading or otherwise defend the suit within the statutorily required ninety period and without good cause.

## LEGAL STANDARD FOR MOTION TO DISMISS

The Defendant does not specify under which provision of Rule 12 it is relying on to file his motion to dismiss. For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. Fed.R.Civ.P. 8)a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court may dismiss a complaint for failure to state a claim only if its clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 59 (1984).

## **ARGUMENT**

**A.    DISTRICT WAS SERVED IN THIS MATTER**

Plaintiff reasserts his position that the District of Columbia was properly served in this case. Under the local rule for service, Rule 4(j), service is perfected as follows:

> [s]ervice shall be made upon the District of Columbia by delivering (pursuant to paragraph (c) (2) ) or mailing (pursuant to paragraph (c)(3) a copy of the summons, complaint and initial to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now Attorney General] of the District of Columbia (or designee). The Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court.

Process server Sherry Tucker delivered a copy of the complaint to an individual representing herself as a person capable of receiving service on behalf of the District of Columbia and the Attorney General. Process server Tucker applied due diligence when seeking out the proper individual designated to accept the summons. **See Exhibit A.**

4

The Plaintiff provided two affidavit's as exhibit's in his entry of default judgment motion. **Exhibit B** of the entry of default motion inadvertently listed Brian Bennett of Silver Spring Maryland as an individual that was served a copy of the affidavit. The certificate of service was not omitted from an earlier saved document and it was filed as a pdf document for this case. Plaintiff states however that all other information related to the service of the District of Columbia in this case is accurate.

The District of Columbia has not suggested that the memorandum and order it attached to its motion to dismiss was conspicuously posted or was even brought to the attention of the Plaintiff when it served the Attorney General. It is simply arguing well after the fact that it was not properly served. The District has generally allowed the Attorney General to accept service on behalf of the Mayor and the District of Columbia. If that general practice no longer applies, Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…" Further if the court concludes that Plaintiff's complaint should have included The Mayor as a party, then under the rules, Mr. Thompson should be allowed an opportunity to amend his complaint to include the Mayor as a party.

**B.    DISTRICT OF COLUMBIA WAS SERVED WITHIN 120 DAYS**

The procedural record in this case clearly establishes that the Plaintiff executed service on the Defendant well within the statutorily required time period. Service of process was obtained less than a month from the January 13, 2006 filing date. The Process server spoke to more than one individual regarding the standard procedure to serve the District of Columbia in general and the Attorney General specifically**. See**

5

**Exhibit B**.   In the event that the Court determines that Defendant was not properly served, it should allow the Plaintiff the opportunity to re-serve the District pursuant to the rules proscribed in the Memorandum dated November 9, 2005.

The Defendant's suggestion that the complaint should be dismissed based on these facts would have the chilling effect of allowing the District to avoid accepting service whenever an employee not authorized to accept service chooses to circumvent the service process.  The District would need only hold on to the summons or wait for a default judgment motion to argue that it was never served.

The Plaintiff's position is not that the Memorandum's supplied by the Defendant's in it's motion lack authenticity.  His position is that the District should have determined that service was not proper well within the 120 statutorily required service period to allow the Plaintiff an opportunity to properly serve the Defendant.  The Plaintiff was under the belief that service had occurred on February 01, 2006.  The Plaintiff had no reason to believe that it did not properly execute service.  Good cause therefore exist to allow service on the District of Columbia should this court agree with the Defendant that service was not properly executed.  The point here is that the Defendant brought this argument to the attention of the Defendant well past the 120 day service period which made it impossible for the Plaintiff to perfect service in a timely manner.

The District of Columbia could have displayed more diligence in responding to the Plaintiff's complaint.  Defendant's response is therefore not sufficient to set aside a properly argued entry of default judgment.  Default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive

6

party[as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights". *Jackson v. Beech,* 636 F.2d at 831, 836.

A more appropriate outcome should this honorable court conclude that the District was never served would be to allow Plaintiff an opportunity to serve the District based on the November 09, 2005 executive order.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's Complaint should be denied.

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  Reuben Collins, II
                                                  COLLINS & TALLEY, LLC
                                                  P.O. Box 1857
                                                  Suite A-2
                                                  La Plata, Maryland 20646
                                                  Bar No.  459751

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TROY A.THOMPSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vi.** ) | Case No. 06-00063 (EGS) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

UPON CONSIDERATION of the Plaintiff's Opposition to Defendant's Motion To Dismiss and Motion To Set Aside Default Judgment and the record herein, it is this day of _____, 2006,

ORDERED: that Defendant's motion is hereby DENIED, and it is,

FURTHER ORDERED_____

_____

_____
HONORABLE JUDGE