UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TROY THOMPSON,            )<br>                                           )<br>        Plaintiff,              )<br>                                           )<br>v.                                        )<br>                                           )<br>DISTRICT OF COLUMBIA,  )<br>                                           )<br>        Defendant.            )<br>                                           )  | Case No. 1:06-cv-00063 (EGS) |

DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Defendant District of Columbia, by and through the Office of the Attorney General, responds to the Complaint with particularity and in like-numbered paragraphs as follows:

JURISDICTION AND VENUE

1.    The District admits the existence of the statutory authority cited in paragraph 1, but deny that jurisdiction and venue are necessarily conferred solely by reason thereof.

2.    Paragraph 2 contains legal conclusions of the pleader and as such no answer is required.

PARTIES

3.    The District has insufficient information to admit or deny the allegations in paragraph 3.  To the extent that an answer is required the allegations are denied.

4.    Paragraph 4 contains conclusions of law and of the pleader and, therefore, no answer is required.

## FACTS COMMON TO ALL COUNTS

5.      The District admits that on August 25, 2003, Plaintiff was a Recruit Officer with the Metropolitan Police Department.  The District has insufficient information to admit or deny that Plaintiff's salary was approximately $39,500.00.

6.      The District has insufficient information to admit or deny the allegations in paragraph 6.

7.      The District denies the allegations contained in paragraph 7 of the complaint.

8.      The District has insufficient information to admit or deny the allegations in paragraph 8.

9.      The District has insufficient information to admit or deny the allegations in paragraph 9.

10.     The District has insufficient information to admit or deny the allegations in paragraph 10.

11.     In response to paragraph 11, the District admits that Plaintiff was arrested on or about February 26, 2004 and is without sufficient information to admit or deny the remaining allegations contained in paragraph 11

12.     The District admits the allegations contained in paragraph 7 of the complaint

13.     The District has insufficient information to admit or deny the allegations in paragraph 13.

14.     The District denies the allegations contained in paragraph 14 of the complaint.

15.     The District has insufficient information to admit or deny the allegations in paragraph 15.

16.     The District denies the allegations contained in paragraph 16 of the complaint.

17. The District has insufficient information to admit or deny the allegations in paragraph 17.

18. The District has insufficient information to admit or deny the allegations in paragraph 18.

19. The District denies the allegations contained in paragraph 19 of the complaint.

20. The District denies the allegations contained in paragraph 20 of the complaint.

21. The District denies the allegations contained in paragraph 21 of the complaint

22. The District has insufficient information to admit or deny that allegation that Plaintiff was told by Sergeant Taylor that he did not want Plaintiff in his class.  The District admits that as a probationary employee Plaintiff could be terminated at will and was not protected under the union contract.

23. The District has insufficient information to admit or deny the allegations in paragraph 23.

24. The District denies the allegations contained in paragraph 24 of the complaint

25. The District has insufficient information to admit or deny the allegations in paragraph 25.

26. The District has insufficient information to admit or deny the allegations in paragraph 26.

27. The District has insufficient information to admit or deny the allegations in paragraph 27.

28. The District has insufficient information to admit or deny the allegations contained in paragraphs 28.

29.     The District has insufficient information to admit or deny the allegations contained in paragraphs 29.

30.     The District has insufficient information to admit or deny the allegations contained in paragraphs 30.   To the extent that a more definitive answer is required the District denies any wrongdoing.

31.     The District denies the allegations contained in paragraph 31 of the complaint.

32.     The District denies the allegations contained in paragraph 32 of the complaint

33.     The District admits the allegations contained in the first two sentences of paragraph 33 of the complaint.  The District has insufficient information to admitted or denied the allegations contained in the last sentence of paragraphs 33.

34.     The District has insufficient information to admit or deny the exact date which Plaintiff was informed by the Office of Diversity and EEO Compliance  that the Metropolitan Police Department  acted within its guidelines under the DC Human Rights Act.  In further answering, the District admits that the Metropolitan Police Department acted within its guidelines under the DC Human Rights Act.

35.     The District has insufficient information to admit or deny the allegations contained in paragraph 35.

36.     The District has insufficient information to admit or deny the allegations contained in paragraph 36.

37.     The District has insufficient information to admit or deny the allegations contained in paragraph 37.

38.     The District has insufficient information to admit or deny the allegations contained in paragraph 38.

COUNT I
DISCRIMINATION BASED ON GENDER
42 U.S.C.§2000(e) 2(a) and (d) and D.C.. Code §2-1401.01

39. Defendants repeat their answers to paragraphs 1-39 and incorporate them by reference.

40. The District denies the allegations contained in paragraph 40.

41. The District denies the allegations contained in paragraph 41.

42. The District denies the allegations contained in paragraph 42.

43. The District denies the allegations contained in paragraph 43.

COUNT II
DISCRIMINATION BASED ON RACE
42 U.S.C.§2000(e) 2(a) and (d) and D.C.. Code §2-1401.01

44. Defendants repeat their answers to paragraphs 1-43 and incorporate them by reference.

45. The District denies the allegations contained in paragraph 45.

46. The District denies the allegations contained in paragraph 46

47. The District denies the allegations contained in paragraph 47.

48. The District denies the allegations contained in paragraph 48.

COUNT III
RETALIATION
§§703 and 704 of the Civil Rights Act of 1964

49. Defendants repeat their answers to paragraphs 1-48 and incorporate them by reference.

50. The District denies the allegations contained in paragraph 50.

51. The District denies the allegations contained in paragraph 51.

52. The District denies the allegations contained in paragraph 52.

53. The District denies the allegations contained in paragraph 53.

54. The District denies the allegations contained in paragraph 54.

## AFFIRMATIVE DEFENSES

The District denies any allegation in the complaint not specifically responded to above and reserves the right to amend its answer.

### First Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Second Defense

Plaintiff has failed to exhaust his administrative remedies.

### Third Defense

Defendants deny that Plaintiff was discriminated against because of his gender and/or race.

### Fourth Defense

Plaintiff was terminated for legitimate non-discriminatory reasons.

### Fifth Defense

Plaintiff would have been terminated even if Plaintiff had not engaged in protected activity.

### Sixth Defense

Plaintiff has failed to comply with D.C. Code, Section 12-309.

### Seventh Defense

The District did not violated 42 U.S.C. §2000(e) 2(a) and (d).

### Eighth Defense

The District did not violate D.C. Code §2-1401.01.

Ninth Defense

The District denies any violation of the public policy law(s) of the District of Columbia.

Tenth Defense

Defendants deny any violation of plaintiff's constitutional rights.

Eleventh Defense

Plaintiff's claims are barred by the statute of limitations.

Twelfth Defense

.Plaintiff has failed to mitigate his damages.

Thirteenth Defense

Plaintiff's claims are barred under the doctrine of sovereign immunity, discretionary function, qualified immunity, privilege and/or official immunity.

Fourteenth Defense

Plaintiff's termination was the result of his own careless, reckless and unlawful conduct.

Fifteenth Defense

Plaintiff termination was done in accordance with the DC Personnel Regulations.

Sixteenth Defense

Plaintiff has failed to comply with DC Code §12-309.

Seventeenth Defense

The District has a bona fide EEO policy and procedures and, therefore, the District is not liable to plaintiff.

## SET-OFF

Defendant District of Columbia claims a set-off for any debts plaintiff owes to it and for any benefits it may have given or conferred upon plaintiff, including, without limitation, unpaid taxes, health and hospital care, the cost of any care or treatment of plaintiff rendered or paid for by the Defendant through any means, Medicare or Medicaid, AFDC, GPF or any other benefit.

## JURY DEMAND

The District demands a trial by the maximum number of jurors permitted by law of all issues so triable.

**WHEREFORE**, having fully answered, District respectfully urges the Court to dismiss the Complaint with prejudice.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/NICOLE L. LYNCH/S/_____
NICOLE L. LYNCH [471953]
Chief Civil Litigation Division Section II

/s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov