UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**TROY THOMPSON,**                 )
                                   )
       **Plaintiff,**         )
                                   )
  v.                               )   Case No.: 06-00063 (EGS)
                                   )
**DISTRICT OF COLUMBIA,**          )
                                   )
       **Defendants.**        )
_____)

### RULE 16.3(c) JOINT CONFERENCE REPORT

Pursuant to Local Civil Rule 16.3(c) and this Court's Order dated February 20, 2007, and in anticipation of the parties' Initial Scheduling Conference set for March 30, 2007 at 10:00 a.m., counsel for Plaintiff, Troy Thompson ("Plaintiff"), and counsel for Defendant, District of Columbia Police Department ("Defendant") hereby submit their Rule 16.3 Joint Conference Report ("Report").

The parties report as follows with respect to the matters set forth in Local Rule 16.3:

**(1)   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiff was a Recruit in Defendant's Police Department.  Plaintiff has sued Defendant for race discrimination and retaliation, wrongful termination, breach of contract and intentional infliction of emotional distress.

Defendant asserts that Plaintiff cannot prove his *prima facie* case on any of these claims and that all of the employment actions taken by Defendant were based on legitimate, non-discriminatory reasons.  In addition, Defendant assert that Plaintiff was never terminated from her position with Defendant because Plaintiff resigned from her employment.

Defendant believes that this case may be disposed of on summary judgment. Plaintiff disagrees with this assessment.

Both parties reserve the right to move for summary judgment after the completion of discovery. No dispositive motion is currently pending. The parties believe that discovery should begin promptly.

**(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiff does not anticipate adding additional party-defendants to this case. It is unclear at this time whether the factual or legal issues can be agreed upon or narrowed. The parties agree that if this assessment changes in the future, the parties will promptly notify the Court.

**(3)     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

At this time, parties do not believe that the case should be assigned to a magistrate judge.

**(4)     Whether there is a realistic possibility of settling the case.**

At this stage of the litigation, it is unclear whether there is a realistic possibility of settling the case. The parties believe they will better able to make an assessment regarding the possibility of settlement after the completion of discovery.

**(5)     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties are both willing to utilize ADR, but believe ADR will be most beneficial following the close of discovery.

**(6)     Whether the case can be resolved by summary judgment or motion to dismiss; the dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Defendant believes that this case may be disposed of on summary judgment. Plaintiff disagrees with this assessment. Both parties reserve the right to move for summary judgment after the completion of discovery.

The parties propose that any such motion be filed with the Court within thirty (30) days after the close of discovery. The parties propose further that any oppositions be filed with the Court within thirty (30) days of receiving service of the opposing party's opening motion, and all replies to any such opposition be filed with the Court within fifteen (15) days thereafter.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties believe that the initial disclosures under Fed. R. Civ. P. 26(a)(1) should be dispensed with.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.**

The parties agree that the discovery cutoff date should be 120 days from the date of the Scheduling Order is entered. The parties agree that the number of interrogatories and number of depositions should be set in accordance with the local rules for a standard track case. The parties also agree that it may be necessary to enter into a stipulated confidentiality agreement to protect certain categories of confidential information, including, but not limited to medical and personal records.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties do not believe that the requirement for exchange of expert witness reports under Fed. R. Civ. P. 26(a)(2) should be modified. The parties propose that disclosure of experts by Plaintiff should be made sixty (60) days from the date of entry of the Scheduling Order. Disclosure of Defendant's experts should be made ninety (90) days from the date of entry of the Scheduling Order.

**(10)  In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11)  Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

At this point in the litigation, the parties do not believe that any aspects of the trial or discovery should be bifurcated.

**(12)  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Based on the discovery schedule proposed herein, the parties suggest that the pretrial conference be held approximately thirty (30) days after the Court's disposition of any motions for summary judgment.

**(13)  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties recommend that the Court provide a trial date to be set at the initial scheduling conference.

Respectfully submitted,

_____/s/_____
Reuben B. Collins, II Esq.
Collins & Talley, LLC
P.O.Box 1857
La Plata, Maryland 20646
(301) 934-4366
(301) 934-1668 facsimile
*For Plaintiff*

_____/s/_____
David A. Jackson
Assistant Attorney General
441 Fourth Street, NW 6 South
Washington, DC 20001
Direct Line: (202) 724-6618
Fax: (202) 727-3625
Email: davida.jackson@dc.gov
*For Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd of March 2007, a copy of the foregoing document, Rule 16.3(C) Joint Conference Report, was served by electronic filing and first class mail postage prepaid, upon the following individual:

> David A. Jackson
> Assistant Attorney General
> 441 Fourth Street, NW 6 South
> Washington, DC 20001

_____
Reuben B. Collins, Esquire

5