# EXHIBIT 14

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

WILLIAM DESCUTNER,                    )
                                      )
       Plaintiff,              )
                                      )
       v.                      )     Civil Action No. 04ca7214
                                      )     Calendar 1 – Judge Fisher
DISTRICT OF COLUMBIA,                 )
                                      )
       Defendant.              )

## ORDER

This matter is before the court for consideration of Defendant District of
Columbia's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment,
Plaintiff's Opposition thereto, and Defendant's Reply to Plaintiff's Opposition.  For the
reasons set forth in the accompanying Memorandum of Points and Authorities it is this
1 ST day of March 2005 hereby

       **ORDERED** that the Defendant's Motion to Dismiss is **GRANTED.**

Gerald I. Fisher
Associate Judge

1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| WILLIAM DESCUTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04ca7214 |
| | ) | Calendar 1 – Judge Fisher |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF ORDER GRANTING MOTION TO DISMISS

In this case the Plaintiff alleges that the District of Columbia engaged in unlawful discrimination against him on the basis of disability, in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et seq.* (2004) ("Human Rights Act"), when the D.C. Fire and Emergency Medical Services Clinic withdrew Plaintiff's conditional job offer for a position as a Firefighter-Basic Paramedic due to deficient vision in his left eye.  Plaintiff seeks immediate instatement as an unrestricted Paramedic/Firefighter, back and front pay including benefits, compensatory damages, costs and attorney's fees.  Defendant, the District of Columbia, asserts that this case should be dismissed under D.C. Code §12-309 (2001) for failure of the Plaintiff to provide the District of Columbia timely notice of the complaint.  Plaintiff supplies two arguments in opposition to Defendant's motion.  First, he argues that under the exhaustion doctrine the matter has not accrued for purposes of triggering the duty to comply with the notice requirement of §12-309, because he filed a request for reconsideration with the Police and Fire Clinic, which has yet to be decided.  Second, he

2

contends that claims filed under the Human Rights Act are not subject to §12-309's time requirement.

## A. Compliance with D.C. Code § 12-309

D.C. Code §12-309 states, in pertinent part,

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

Congress enacted §12-309 in 1933 "to deal with cases in which suits were filed against the District before the statute of limitations expired but long after the occurrence of the underlying event, a circumstance which often made it impossible for the District of Columbia to obtain evidence for use in litigation which may result." H.R. REP. No. 2010, 72d Cong., 2d Sess. 1 (1933). The notice requirement of §12-309 differs from the statute of limitations requirement and was designed specifically to avoid the pitfalls of the statute of limitations. Gwinn v. District of Columbia, 434 A.2d 1376 (D.C. 1981). The statute of limitations is triggered from the time the right to maintain an action accrues. District of Columbia v. Dunmore, 662 A.2d 1356, 1359 (D.C. 1995). However, the point in time when the action accrues is irrelevant for purposes of triggering § 12-309. DeKine v. District of Columbia, 422 A.2d 981, 985 (D.C. 1980). Instead, §12-309 is triggered the moment the plaintiff sustains the alleged injury, not from the moment the cause of action accrues. Id.; see also Brown v. District of Columbia, 853 A.2d 733 (D.C. 2004).

The Plaintiff relies on Pinkney v. District of Columbia, 439 F. Supp. 519 (D.D.C. 1977), to support his argument that under the exhaustion doctrine he is not required to comply with §12-309 until the reconsideration process is finalized by the Police and Fire

3

Clinic. (Opp. at 6–8). <u>Pinkney</u> held that where exhaustion is a necessary condition of bringing a suit the notice requirement of §12-309 is not triggered until the completion of the administrative appeal. <u>Pickney</u>, 439 F. Supp. at 519. This Court, as the Defendant notes in its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, is not bound by the decision in <u>Pinkney</u>. See <u>M.A.P. v. Ryan</u>, 285 A.2d 310 (D.C. 1971).

This Court is bound by the decisions of our Court of Appeals which have strictly construed the time limitation contained in §12-309, see <u>Gross v. District of Columbia</u>, 734 A.2d 1077, 1081 (D.C. 1999); <u>Doe by Fein v. District of Columbia</u>, 697 A.2d 23, 29 (D.C. 1997), even when that interpretation has brought about harsh results, including extinguishment of meritorious claims. See, e.g., <u>District of Columbia v. Arnold & Porter, et al.</u>, 756 A.2d 427, 436-37 (D.C. 2000) (Although some plaintiffs had demonstrated District of Columbia's negligence at trial, claims of other plaintiffs dismissed for failure to comply with notice requirement of §12-309).

This Court also is influenced by the reasoning of the Supreme Court in the analogous anti-discrimination case of <u>Delaware State College v. Ricks</u>, 449 U.S. 250 (1980). At issue in <u>Ricks</u> was whether the 180-day time limit for filing with the Equal Employment Opportunity Commission (EEOC) began at the time Mr. Ricks was informed by Delaware State College that he was not granted tenure or, instead, when the Board of Trustees informed Mr. Ricks that the grievance he had filed was denied. The Supreme Court held that the time limit for filing with the EEOC began at the first communication by the college to Mr. Ricks that he would not receive tenure. The Court reasoned that, "entertaining a grievance complaint of the tenure decision does not suggest that the earlier decision was in any respect tentative. The grievance procedure, by its

4

nature, is a remedy for a prior decision, not an opportunity to influence that decision

before it is made." Id. at 261. This Court similarly holds that the requirement to comply

with the notice requirement of §12-309 was triggered when the Plaintiff received the

letter informing him that his conditional job offer was withdrawn, not when the Police

and Fire Clinic decides his request for reconsideration.

## B. D.C. Human Rights Act

In his opposition, Plaintiff also argues that providing notice under §12-309 is not

a requirement for brining a claim under the Human Rights Act because the Act contains

no references to §12-309 or any other notice requirement. (Opp. at 9). Plaintiff further

argues that the inclusion of language in other D.C. statutes, such as the Whistleblower

Protection Act, D.C. Code §1-615.54(a) (2001), directing compliance with §12-309

"evidences a legislative intent that the §12-309 notice is not required for claims under

D.C. Human Rights Act." (Opp. at 9-10). Plaintiff's argument is unsupported by any

authority and ignores the plain language of §12-309 which clearly states that "an action

*may not be maintained* against the District of Columbia" unless the notice requirement of

§12-309 is complied with. D.C. Code, §12-309 (2001) (emphasis added). In addition,

the Court of Appeals has held that §12-309 "imposes a notice requirement on everyone

with a tort claim against the District of Columbia." Dunmore, 662 A.2d at 1358.

Plaintiff's argument fails because a claim under the Human Rights Act, like any other tort

claim against the District of Columbia, must comply with the requirements of §12-309.

## C. Conclusion

Compliance with D.C. Code, §12-309 is mandatory. See District of Columbia v.

Dunmore, 662 A.2d 1356 (D.C. 1995); Hardy v. District of Columbia, 616 A.2d 338, 340

(D.C. 1992); Romer v. District of Columbia, 449 A.2d 1097, 1101 (D.C. 1982); Gwinn v.

District of Columbia, 434 A.2d 1376, 1378 (D.C. 1981). Plaintiff's notice requirement

under §12-309 was triggered at the time he received the letter from the D.C. Fire and

Emergency Medical Services Clinic withdrawing his conditional job offer. Plaintiff

received the letter withdrawing his conditional job offer on February 11, 2004 and sent a

claim letter to Mayor Anthony Williams on September 10, 2004, approximately a month

after his time limit had expired. Plaintiff was required to comply with §12-309 when

filing a claim under the Human Rights Act and failed to do so. Therefore, Defendant's

Motion to Dismiss must be and is granted.


Gerald I. Fisher
Associate Judge


Copies to:

      Diane A. Seltzer, Esq.
      5301 Wisconsin Avenue, N.W.
      Suite 570
      Washington, DC 20015

      Carl Schifferle, Esq.
      Assistant Attorney General
      Suite 600S
      441 4th Street, N.W.
      Washington, DC 20001