UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TROY THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:06-cv-00063 (EGS) |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant District of Columbia ("the District), by and through the Office of the Attorney
General, hereby files its reply to Plaintiff's opposition to the District's motion for summary
judgment.  The District's motion for summary judgment should be granted because the legal
arguments relied on by Plaintiff (hereinafter "Thompson") in opposing summary judgment are
misplaced and do not defeat summary judgment.

**I.    PLAINTIFF'S CLAIMS PURSUANT TO THE DC HUMAN RIGHTS ACT ARE
BARRED BY THE ONE YEAR STATUTE OF LIMITATION.**

Thompson argues that the District's motion for summary judgment should be denied
because under the Worksharing Agreement between the District and the federal Equal
Employment Opportunity Commission (EEOC) Plaintiff exhausted his administrative remedies
under Title VII, 42 U.S.C § 2000(e), by timely filing an EEOC complaint with the DC Office of
Human Rights.  Plaintiff's Opposition at 7-8.  In support of this argument, Thompson relies on

*Fowler v. District of Columbia*, 122 F.Supp.2d 37 (D.C.C. 2000) (Urbina, J.).   Thompson's reliance on Fowler is misplaced.  The issue in *Fowler* was whether plaintiff had exhausted his administrative remedies under the DC Human Rights Act (DCHRA) by only filing an administrative charge of discrimination with the EEOC.  There the court held that by filing an administrative charge of discrimination with the EEOC, plaintiff had exhausted his administrative remedies under the DCHRA because under the Worksharing Agreement between the District and the EEOC, the District "waived their period of exclusive jurisdiction during the 60-day deferral period, while retaining concurrent jurisdiction over the discrimination charges." *Id* at 41.   Fowler did not concern the one-year statute of limitations under the DCHRA.

Thompson's reliance on exhausting his administrative remedies and *Fowler* is misplaced because the District has not argued that Thompson failed to exhaust his administrative remedies. Instead, the District's argument is based on statute of limitations grounds not exhaustion of administrative remedies.  Statute of limitations and exhaustion of administrative remedies are two separate and distinct defenses.

The District asserts that Thompson's claims pursuant to the DCHRA are untimely because Thompson did not file this civil action within the one-year statute of limitation period of the alleged discriminatory and retaliatory acts as required under the DCHRA.  As stated in the District's motion for summary judgment, the DCHRA, D.C. Code §2-1401.01 *et seq*., provides:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a right of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate…   A private cause of action pursuant to this chapter *shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act* … (emphasis added)

DC Code, § 2-1403.16(a).  Thus, the statute of limitation period to bring a civil action under the DCHRA is one year.

In this case, for Thompson to bring a cause of action under the DCHRA as a result of his termination he would have had to file suit within one year of being notified that he would be terminated. *Delaware State College v. Ricks*, 449 U.S. 250, 261-262 (1980) (the statute of limitations begin to run when plaintiff was notified that his employment would terminate a year later). Thompson was notified on July 6, 2004 that his employment with MPD as a recruit officer would be terminated effective July 9, 2004. Thompson was required to file suit pursuant to the DCHRA within one year beginning on July 6, 2004. Thompson did not file the instant action until January 13, 2006, well beyond the one year statue of limitations period as set forth in DC Code, § 2-1403.16(a). Plaintiff has no answer to this point. Accordingly, the District is entitled to judgment as to Plaintiff's DCHRA claims, as set forth in Counts I and II.

II.    **PLAINTIFF HAS FAILED TO GIVE NOTICE TO THE MAYOR OF THE DISTRICT OF COLUMBIA PURSUANT TO DC CODE § 12-309 AND, THEREFORE, THE DISTRICT IS ENTITLED TO JUDGMENT AS TO PLAINTIFF'S CLAIMS FOR ALLEGED VIOLATION OF THE DCHRA.**

Thompson's next argues that the District's motion for summary judgment should be denied because Plaintiff is not required under Title VII to give notice of his Title IIV claims to the Mayor of the District of Columbia. Plaintiff's Opposition at 8-9. Again, Thompson's argument is misplaced because the District has not argued that DC Code §12-309 requires Plaintiff to give notice of his Title VII to the Mayor. On this issue, the District's argument concerns only Plaintiff's DCHRA claims. Thompson's opposition does not address this issue. More specifically, Thompson does not dispute that § 12-309 applies to the DCHRA or that the six-month period had expired. Pl's Opp. at 8-9. This Court should consider this argument as conceded pursuant to LCvR 7(b).

**III.    PLAINTIFF WILL BE UNABLE TO ESTABLISH A *PRIMA FACIE C*ASE FOR RETALIATION.**

Further, Thompson argues that the District's motion for summary judgment should be denied because he was retaliated against by allegedly speaking out about comments Sergeant Taylor's allegedly made to female recruits during a training exercise.   According to Thompson, Sergeant Taylor allegedly said to female recruits "do you know who your baby's father is?" (Thompson Depo at 35-40).   However, Thompson admits, that the comment was made only once. *Id.*   Further, Thompson also does not address his concession that Sergeant Taylor made a very similar comment - "are you sure that's the baby you conceived?" – to male recruit officers. *Id*.  Moreover, Thompson admitted that his problem with the alleged comment made by Sergeant Taylor to the female recruit officers reflected just a difference of opinion between Thompson and Sergeant Taylor as to the appropriate conduct in dealing with recruits, not a statement about discrimination. *Id*.  See next paragraph.

Thompson's complaint about the comments Sergeant Taylor allegedly made to his recruit class while doing push-ups similarly does not constitute protected activity.  As Thompson testified, his recruit class had approximately 20-25 members, comprised of an almost equal numbers of males and females and blacks and whites. *Id.*   Sergeant Taylor made similar comments to all recruits not just one particular protected group. *Id*.  Thompson's complaint about Sergeant Taylor's alleged comments reflects Thompson's unhappiness with Sergeant Taylor's training method rather than protected activity.   Moreover, Thompson did not tell Sergeant Taylor that his comments were discriminatory.  Thompson testified at this deposition "I took offense to that, because as an official, those comments should not be conducted, or should not be stated to recruit officers."  *Id*. As stated in the District's motion for summary judgment, "not every complaint garners its author protection under Title VII or the DCHRA. *Broderick v.*

4

*Donaldson,* 437 F.3d 1226, 1232 (D.C. Cir. 2006); *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1010 (8th Cir. 2005) (finding that an employee's comments about absence of black employees, without attributing the absence to discrimination, were insufficient to qualify as protected activity); *Welzel v. Bernstein*, 436 F. Supp. 2d 110at 122-23 (D.D.C. 2006) (holding that employee's complaint about what she perceived to be unprofessional and abusive behavior by supervisor was not protected activity where employee did not state a belief that the conduct violated Title VII). It is clear from Thompson's own testimony, that his objection to Sergeant Taylor's comments was not based on a belief that the alleged comments were discriminatory; rather, Thompson simply disagreed with the alleged comments generally. Accordingly, Thompson's alleged complaint about the comment Sergeant Taylor made did not constitute protected activity and, therefore, Thompson cannot establish a *prima facia* case of retaliation.

## IV. PLAINTIFF HAS NOT SHOWN THE DISTRICT'S LEGITIMATE NON-DISCRIMINATORY AND NON–RETALIATORY REASONS ARE PRETEXTUAL

As previously established, the District is also entitled to summary judgment because there is no evidence establishing that the District's stated explanation – Thompson's arrest for violating a peace order, a peace order being issued against Thompson and, Thompson's affirmative answer that he used and sold illegal drugs – is a pretext for discrimination. Thompson argues that the District should be denied summary judgment for three reasons. First, Thompson argues that under the *McDonnell* analysis Thompson was qualified for the position of a police officer and despite his qualifications he was rejected for the position of police officers. Pl's Mem. Opp. at 11. Thompson goes on to argue that he was treated differently than "white male and in some instances female employees." *Id.* This argument by Thompson is without merit.

Thompson was not denied employment as a recruit officer but in fact was hired by MPD and allowed to attend recruit training. It was during the training period that problems with Thompson arose, resulting in his termination. Thompson's argument is also without merit because Thompson has offered no evidence to show that MPD failed to terminate a white male or a female recruit officer who had been arrested, was the subject of a restraining order and admitted to using and selling illegal drugs. Thus, on this issue, this Court should find Plaintiff's argument unpersuasive and grant summary judgment in favor of the District.

Second, Thompson argues that the District's motion should be denied because Ms. Jamison lied in her affidavit for a restraining order and he did not use or sell illegal drugs. Pl's Mem. Opp. at 12-14. In support of these arguments, Thompson offers an affidavit from his former girlfriend, Latanya Torrence, and his own affidavit and deposition testimony. According to Ms. Torrence, Ms. Jamison lied to obtain the restraining order because Ms. Jamison wanted to have an intimate relationship with Ms. Torrence. Ms. Torrence's Affidavit at ¶ 7. Thompson does not deny that he was arrested for violating a restraining order. According to Thompson, the only reason he answered in the affirmative about using and selling marijuana on his application to the Prince George's County Police Department was because he was told to do so. Pl's Affidavit at ¶ 19-26. Thus, Thompson attempts to prove to this Court that he did not threaten Ms. Jamison and he did not use and sell illegal drugs and, therefore, that the District's non-discriminatory and retaliation reasons for his termination are a pretext to discrimination. Regardless of whether the allegations were correct, there is no evidence that the District knew they were incorrect or otherwise used the charges as a pretext to discriminate.

Thompson's argument for summary judgment purposes is misplaced. The issue is not the truthfulness or untruthfulness of the underlying allegation, but, rather, the issue is whether the

District, through the MPD, "honestly and reasonably believed" the underlying allegations. *Brady v. Office of the Secretary at Arms*, 520 F.3d 490, 495-496 (D.C. Cir. 2008). If the District's belief is reasonable then, as a matter of law, no reasonable jury can find that the District's legitimate non-discriminatory and non-retaliatory reason are false and, the District is entitled to summary judgment. *Id.; Fischbach v. District of Columbia Dep't of Corrections*, 318 U.S. App. D.C. 186, 86 F.3d 1180 (D.C. Cir. 1996) (Once the employer has articulated a non-discriminatory explanation for its action, as did the District here, the issue is not "the correctness or desirability of [the] reasons offered ... [but] whether the employer honestly believes in the reasons it offers.") (quoting *McCoy v. WGN Continental Broadcasting Co.,* 957 F.2d 368, (7th Cir. 1992); s*ee also Pignato v. American Trans Air, Inc*., 14 F.3d 342, 349 (7th Cir. 1994) ("It is not enough for the plaintiff to show that a reason given for a job action is not just, or fair, or sensible. He must show that the explanation given is a phony reason").

In *Brady*, plaintiff was demoted for allegedly grabbing his crotch in front of three of his co-workers. Two of plaintiff's co-workers complained of sexual harassment while the third co-worker reported the incident as only a joke. Plaintiff denied that the incident occurred and claimed that the allegations against him were racially motivated. Plaintiff's employer conducted three investigations, two by the employer's supervisors and one by an outside law firm. All three investigations concluded that the incident did occur, resulting in plaintiff's demotion. Plaintiff sued his employer for race discrimination under Title VII. The District Court, finding that plaintiff offered insufficient evidence to show that the employer's stated reasons were not the real reason for plaintiff's demotion, granted summary judgment for the employer.

On appeal, the Court of Appeals for the DC Circuit agreed with the lower court and upheld summary judgment. In addressing plaintiff's argument that the incident did not occur and

that it is the duty of the jury to decide issues of fact and credibility, the Court of Appeals stated

that plaintiff "misunderstands the relevant factual issue." *Brady*, 520 F.3d at 496.  The Court of

Appeals went on to state that "[t]he question is not whether the underlying sexual harassment

incident occurred; rather, the issue is whether *the employer honestly and reasonably believed* that

the underlying sexual harassment incident occurred." *Id.* (emphasis in the original).

Accordingly, the Court of Appeals concluded that "[a]lthough [plaintiff] asserts that the

accusations and ensuing investigation were racially tainted and the incident did not occur, he did

not produce evidence sufficient to show that the [employer's] conclusion was dishonest or

unreasonable." *Id.*

      The facts of the instant case are even stronger that the facts in *Brady*.   Unlike the *Brady*

plaintiff, who denied the incident of sexual harassment occurred, in this case, Thompson does

not deny that Ms. Jamison obtained a peace order against him, Thompson does not deny that he

was arrested for violating a peace order, Thompson does not deny that on his application to the

Prince George County Police Department he answered affirmatively to using and selling illegal

drug and Thompson does not deny that on his application to the MPD he answered no to similar

questions about past involvement with illegal drugs.   Like the plaintiff in *Brady*, Thompson

simply argues that the underlying facts of each of the incidents, which formed the bases for

Thompson termination, were false.  Thomson has offered no evidence from which a jury could

find that the District's stated reasons for terminating him were pretextual and the real reason was

discrimination.  Accordingly, the District is entitled to summary judgment.

      Lastly, Thompson argues that the District's motion for summary judgment should be

denied because the criminal case against him was *nolle pros* prior to his termination.  Pl's Opp.

at 13.  Thompson attempts to distinguish his case from *Polcover v. Secretary of the Treasury, et*

*al*, 477 F.2d 1223 (D.C. Cir. 1973), a case relied on by the District in its summary judgment motion, by arguing that in *Polcover* administrative disciplinary proceedings were commenced while criminal charges were pending.  *Polcover* did not rely on such a distinction.  Instead, the Court in *Polcover* focused on the different burdens of proof required under administrative proceeding and criminal prosecutions.  Regardless, the sole issue here is whether the District's motive was discriminatory, not whether it was "fair" to take action based upon a case that was nolle pros.  It is because Thompson has failed to show an issue of fact as to the District's motive that judgment must be entered in its favor.

## CONCLUSIONS

The District is entitled to judgment as matter of law because Plaintiff's DCHRA claims are barred by the statute of limitations, Plaintiff has failed to comply with the notice requirements of DC Code §12-309, Plaintiff will not be able to establish a *prima facia* case for retaliation and Plaintiff has not shown evidence from which a reasonable jury could conclude that the District's legitimate non-discriminatory and non-retaliatory reasons for his termination are pretextual.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Samuel C. Kaplan/s/_____
SAMUEL C. KAPLAN [463350]
Assistant Deputy Attorney General

/s/David A. Jackson/s/

DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov