UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TROY A. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. 06-63 (EGS) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Troy Thompson, an African American male who was terminated from the Metropolitan Police Department ("MPD") officer training program, brings this action against the District of Columbia (the "District") alleging that he was discriminated against on the basis of race and sex, and retaliated against, in violation of Title VII and the D.C. Human Rights Act ("DCHRA"). Pending before the court is defendant's motion for summary judgment. Upon consideration of the motion, the response and the reply thereto, as well as the applicable law, the defendant's motion shall be **GRANTED**.

## I.   Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 325

(1986); *Waterhouse v. Dist. of Columbia,* 298 F.3d 989, 991 (D.C. Cir. 2002). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex,* 477 U.S. at 324. The court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to the motion." LCvR 7(h). *See Arrington v. United States*, 473 F.3d 329, 335 (D.C. Cir. 2006).

## II. Factual Background

On January 13, 2006, plaintiff filed a complaint against the District of Columbia raising the following claims: Count I, discrimination based on gender, in violation of 42 U.S.C. § 2000e-2(a) and D.C. Code § 2-1401.01; Count II, discrimination based on race, in violation of 42 U.S.C. § 2000e-2(a) and (d) and D.C. Code § 2-1401.01; Count III, retaliation, in violation of §§ 703 and 704 of the Civil Rights Act of 1964. Compl. ¶¶ 39-54.

On February 22, 2008, the defendant filed a Motion for Summary Judgment, accompanied by a statement of material facts not in dispute. On April 4, 2008, plaintiff filed a memorandum in opposition to defendant's motion for summary judgment, but the memorandum in opposition was not accompanied by a separate concise statement of genuine issues setting forth all material facts as to which there is a dispute. Therefore, the Court shall treat defendant's uncontroverted factual assertions as conceded, pursuant to Local Civil Rule 7(h). *Arrington*, 473 F.3d at 335.

The following is defendant's uncontroverted statement of material facts:

Plaintiff Troy Thompson was hired by the MPD as a recruit officer on August 25, 2003 and scheduled to graduate from the police academy in April 2004. Plaintiff was notified by letter dated June 30, 2004 that he would be terminated from MPD effective July 9, 2004. Plaintiff's termination was based on the results of an investigation by MPD's Office of Internal Affair ("OIA") concerning plaintiff's arrest in Prince George's County for making threats and telephone misuse and, for making "false omissions" about drug use on plaintiff's MPD application. After being arrested, plaintiff was released on a $3000.00 bond.

On February 22, 2004, Linda Jameson, who claimed to have been involved in a relationship with plaintiff, sought and was granted a temporary peace order against plaintiff in the District

Court of Maryland for Prince George's County. Ms. Jameson alleged in her "Application For Statement Of Charges" that plaintiff had physically assaulted, pulled a gun on her and threatened to kill her, threatened to harm her family and scratched her car with keys.

Plaintiff admits that he was arrested on charges of violating a peace order and criminal phone harassment. The case against plaintiff was dismissed "nolle pros" on March 16, 2004. Ms. Jameson reported that she dropped the case against plaintiff because of the fear that plaintiff "put on her family."

At the time of his arrest, plaintiff was attending the MPD police academy. Plaintiff was placed on non-contact status while OIA conducted its investigation. On April 8, 2004, Ms. Jameson was interviewed by OIA Agent Emmanuellen Moore and gave a statement in which she detailed her relationship with plaintiff and the threats he made against her.

During the course of the OIA investigation, Agent Moore also found out that plaintiff had previously applied to become a police officer in Prince George's County and during the application process plaintiff had admitted to using and selling marijuana. Plaintiff admitted that he answered the questions by indicating that he smoked marijuana on nine (9) occasions and that he had sold $12,000 worth of marijuana per week. Plaintiff

4

admitted that he signed his application.  As a result of plaintiff's answers to questions concerning drug use and sale, he was disqualified and denied employment with the Prince George's County Police Department.  When plaintiff applied to the MPD, the application contained similar questions about drug use.  On the MPD application, Personal History Statement, plaintiff answered "no" to questions about his drug use.  Agent Moore concluded that plaintiff "falsified his MPD Personal History Statement to secure employment" with the MPD.

At the conclusion of Agent Moore's investigation she found that based on the threats to Ms. Jameson and plaintiff's answers to drug questions on the application, plaintiff had violated multiple MPD General Orders.  Specifically, Agent Moore found that plaintiff violated General Order 1202.1 Part 1, Section B-12 (Conduct unbecoming of an Officer); General Order 1202.1 Part 1, Section I-B-6 (Willfully and knowingly making a false statement) and General Order 1202.1 Part 1, Section B-17 (Falsification of official records).  Agent Moore recommended that plaintiff be terminated from the MPD.

**III. Discussion**

    **A.    Statute of Limitations for DCHRA Claims**

Defendant contends that plaintiff's claims under the DCHRA are barred by the one year statute of limitations set forth in

D.C. Code § 2-1403.16(a).[1]  Def.'s Mot. 10.  Plaintiff was notified by letter on June 30, 2004 that his employment with MPD as a recruit officer would be terminated effective July 9, 2004. Thompson was required to file suit pursuant to the DCHRA within one year of June 30, 2004.  Plaintiff did not file the present lawsuit in this Court until January 13, 2006.  Plaintiff argues that he filed an EEOC complaint on July 23, 2004, which tolled the statute of limitations on the DCHRA action.  Pl.'s Opp'n 8.

District of Columbia law provides that the filing of a complaint with the D.C. Office of Human Rights "toll[s] the running of the statute of limitations while the complaint is pending."  D.C. Code § 2-1403.16.  That statutory section does not, however, address an analogous tolling principle that applies when a plaintiff lodges a complaint not with the D.C. Office of Human Rights, but with the EEOC.  The Court has found no authority extending the tolling provision of § 2-1403.16 in such a manner, and plaintiff has cited no such authority. *See Bailey v. Verizon Communications, Inc.,* 544 F. Supp. 2d 33, 38 (D.D.C. 2008) ("filing an EEOC charge does not toll the running of the DCHRA's one-year statute of limitations"); *Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83, 92-93 (D.D.C. 2007).

---

[1] "A private cause of action pursuant to this chapter shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act . . . .  The timely filing of a complaint with the Office, or under the administrative procedures established by the Mayor pursuant to § 2-1403.03, shall toll the running of the statute of limitations while the complaint is pending."  D.C. Code § 2-1403.16(a).

Accordingly, the Court finds that summary judgment is appropriate for Counts I and II of plaintiff's complaint, with respect to the DCHRA claims.[2]

**B.    Title VII Discrimination Claims**

Although there are no genuine issues of material fact in dispute, the Court must nonetheless evaluate defendant's motion for summary judgment to determine whether the District is entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 325. Where there is no direct evidence of discrimination or retaliation, the court applies the *McDonnell Douglas* burden-shifting framework under which the plaintiff must first establish a *prima facie* case for his claim by a preponderance of the evidence. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Stella v. Mineta*, 284 F.3d 135, 144 (D.C. Cir. 2002).

Under the burden shifting framework, should the plaintiff succeed in making out a *prima facie* case, the "burden then must shift to the employer to articulate some legitimate, non-discriminatory reason" for its actions. *McDonnell Douglas*, 411 U.S. at 802. Defendant only has the burden of production and

---

[2] Even if plaintiff's DCHRA claims were not barred by the one year statute of limitations set forth D.C. Code § 2-1403.16(a), summary judgment would be appropriate for the same reasons articulated in the Court's Title VII analysis. *See supra* Part III.B-C. Discrimination and retaliation claims brought pursuant to the DCHRA are subject to the same *McDonnell Douglas* burden-shifting standard as Title VII claims. *See Mungin v. Katten Muchin & Zavis*, 116 F.3d 1549, 1553 (D.C. Cir. 1997) ("The burdens of persuasion and production for claims raised under § 1981 or under the D.C. law are identical to those for claims alleging discriminatory treatment in violation of Title VII.")

"need not persuade the court that it was actually motivated by the proffered reasons." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

Once a defendant has presented a non-discriminatory reason for the action, the plaintiff must demonstrate that the employer's stated reason was pretextual and that the true reason was discriminatory. *Stella*, 284 F.3d at 144. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Morgan v. Fed. Home Loan Mortgage Corp.*, 328 F.3d 647, 651 (D.C. Cir. 2003).

### 1. *Prima Facie* Case for Discrimination

Plaintiff claims he was discriminated against on account of his race and gender, in violation of Title VII. Title VII makes it unlawful for a federal government employer to discriminate "based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).

To make out a *prima facie* case of disparate-treatment discrimination a plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he has suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *See Czekalski v. Peters,* 475 F.3d 360, 364 (D.C. Cir. 2007) (quoting *Stella,* 284 F.3d at 145).

Plaintiff claims he was discriminated against because he was African American and male. Both race and sex are protected classes under Title VII. *See* 42 U.S.C. § 2000e-2(a). Mr. Thompson suffered an adverse employment action in that he was terminated from the MPD on July 9, 2004. Mr. Thompson contends that the MPD treated him differently from women and non-Black recruit officers who committed disciplinary infractions, and plaintiff argues that this discrepancy in treatment gives rise to an inference of discrimination.

For the purposes of defendant's motion for summary judgment, the defendant concedes that the plaintiff stated a *prima facie* case of discrimination. Def.'s Mem. at 15.

### 2. Defendant's Legitimate, Non-discriminatory Explanation for Plaintiff's Termination

After plaintiff has presented a prima facie case for discrimination, the burden of production shifts to the defendant to provide a legitimate, non-discriminatory and non-retaliatory reason for plaintiff's termination. *McDonnell Douglas*, 411 U.S. at 802. According to the District, Mr. Thompson was terminated "based on the results of an investigation by MPD's [OIA] concerning plaintiff's arrest in Prince George's County for making threats and telephone misuse and, for making 'false omissions' about drug use on plaintiff's MPD application." Def.'s Statement of Material Fact ¶ 18. The District maintains

9

that both plaintiff's arrest and the discovery of false omissions from plaintiff's MPD application were legitimate, non-discriminatory reasons justifying plaintiff's termination. Def.'s Mem. at 19, 22. As plaintiff has not controverted defendant's statement of material facts, this point is conceded. *See Arrington*, 473 F.3d at 335.

### 3. Plaintiff's Showing that the Defendant's Proffered Legitimate, Non-discriminatory Reasoning is Pretextual

Once a defendant has presented a non-discriminatory reason for the termination, the plaintiff must demonstrate that the employer's stated reason was pretextual and that the true reason was discriminatory. *Stella*, 284 F.3d at 144. However, as plaintiff failed to controvert defendant's statement of material facts, defendant's legitimate, non-discriminatory and non-retaliatory reason is deemed admitted. *See Arrington*, 473 F.3d at 335.

The Court therefore finds that summary judgment shall be granted for Counts I and II of plaintiff's complaint, as there are no genuine issues of material fact in dispute with respect to plaintiff's claims of race and sex discrimination, and the District has demonstrated that it is entitled to judgment as a matter of law.

### B.   Plaintiff's Prima Facie Case for Retaliation

Title VII prohibits an employer from retaliating against an employee because he has engaged in a protected activity by "oppos[ing] any practice made an unlawful employment practice by this title."  *See* 42 U.S.C. § 2000e-3(a).  The elements of a *prima facie* retaliation case are as follows: 1) plaintiff was engaged in a statutorily protected activity; 2) plaintiff suffered a materially adverse action by his employer; and 3) a causal relationship existed between the two.  *Wiley v. Glassman*, 511 F.3d 151, 155 (D.C. Cir. 2007).  Plaintiff must be able to state a prima facie case for retaliation to survive a motion for summary judgment.  *Broderick v. Donaldson*, 437 F.3d 1226, 1229 (D.C. Cir. 2006).  The initial burden of establishing a prima facie case of retaliation is "not great, as the plaintiff need only establish facts adequate to permit an inference of retaliatory motive."  *Forman v. Small*, 271 F.3d 285, 299 (D.C. Cir. 2001).  Furthermore, the Court recognizes that within the context of a decision on summary judgment, it must view the evidence in the light most favorable to the plaintiff.  *See Matsushita Elec. Indus. Co.,* 475 U.S. at 587.

Plaintiff Thompson alleges in his complaint that he was retaliated against for "having defended a fellow police recruit against the unlawful actions of his superiors."  Compl. ¶ 51.  In or about September 2003, while the recruit class was engaged in

11

pushups, Sgt. Taylor allegedly remarked to the female recruits, "Do you know who your baby's father is?" and to the male recruits, "Are you sure that's the baby you conceived?" Deposition of Troy Thompson ("Thompson Dep.") at 35-36.  Mr. Thompson approached Sgt. Taylor following this incident and told him he was offended by these comments.  Thompson Dep. at 37.  Plaintiff did not report this incident to MPD officials.  Thompson Dep. at 39.

In establishing his *prima facie* case, plaintiff claims he was engaged in a protected activity when he opposed Sgt. Taylor's comments.  Plaintiff points to his subsequent termination as the required "adverse personnel action."  Pl.'s Mem. at 10.  As to the final step, the "causal connection between the two," plaintiff argues that his discussion of the comments with Sgt. Taylor "set off a firestorm of events" eventually resulting in his termination from MPD.  Pl.'s Mem. at 10.  As defendant contends, plaintiff has failed to establish a prima facie case of retaliation for the reasons set forth below.

Assuming plaintiff's discussion with Sgt. Taylor did constitute protective activity and plaintiff's subsequent termination did constitute an adverse action, plaintiff's claim for retaliation fails because plaintiff has not demonstrated a causal connection between that activity and plaintiff's termination.  By stating that his discussion with Sgt. Taylor

"set of a firestorm of events" that eventually resulted in his termination, plaintiff attempts to rely on temporal proximity to establish a causal connection. *Holcomb v. Powell*, 433 F.3d 889, 903 (D.C. Cir. 2006) (One way a plaintiff can satisfy the causal connection requirement of a prima facie case of retaliation is by showing that "'the employer had knowledge of the employee's protected activity, and . . . the adverse personnel action took place shortly after that activity.'").

The alleged discussion with Sgt. Taylor took place in September of 2003, and plaintiff was terminated nine months later, in June of 2004. This lapse in time is too great to establish temporal proximity. *See, e.g., Medina v. District of Columbia,* 517 F.Supp. 2d 272, 294 (D.D.C. 2007) (rejecting lapse of 10 months); *Willingham v. Gonzales*, 391 F. Supp. 2d 52, 61-62 (D.D.C. 2005) (rejecting lapse of 6 months). Because plaintiff is relying on mere temporal proximity alone and has not pointed the Court to any other record evidence suggesting causality or an inference of retaliation with respect to this claim, the Court finds that plaintiff has failed establish a prima facie case of retaliation.

The Court therefore finds that summary judgment shall be granted for Count III of plaintiff's complaint, as there are no genuine issues of material fact in dispute with respect to

plaintiff's claim of retaliation, and the District has demonstrated that it is entitled to judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, defendant's motion for summary judgment shall be **GRANTED**. An appropriate order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan
            United States District Judge
            August 28, 2008**